**Daniel P. Larsen**, OSB No. 943645
Email: dlarsen@buchalter.com
BUCHALTER
A Professional Corporation
805 SW Broadway, Suite 1500
Portland, OR 97205
Telephone: 503.226.1191

**Oren Bitan**, *Pro Hac Vice* Admission
Email: obitanbuchalter.com
BUCHALTER, A Professional Corporation
1000 Wilshire Boulevard, Suite 1500
Los Angeles, CA 90017-1730
Telephone: 213.891.5012

  *Attorneys for Receiver*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| DAVID P. STAPLETON, in his capacity as COURT-APPOINTED RECEIVER for the Receiver for the RECEIVERSHIP ENTITY, including ZADEH KICKS, LLC dba ZADEH KICKS, an Oregon limited liability corporation,<br><br>      Plaintiff,<br><br> v.<br><br>THE SNEAK PEEK LLC, an Ohio limited liability company,<br><br>      Defendant. | Case No. 6:24-cv-00012-MK<br><br>MOTION TO REMAND TO STATE COURT<br><br>ORAL ARGUMENT REQUESTED |

Page 1 MOTION TO REMAND TO STATE COURT

BUCHALTER
A Professional Corporation
805 SW Broadway, Suite 1500
Portland, OR 97205
Telephone: 503.226.1191

BN 80736512v1

**CERTIFICATION OF COMPLIANCE UNDER LR 7.1**

Counsel for Receiver certifies that he conferred in good faith with counsel for Defendant and they were unable to resolve their differences.

**MOTION TO REMAND**

Pursuant to this Court's inherent powers, Plaintiff David P. Stapleton, in his capacity as a court-appointed receiver ("Receiver") respectfully moves for the entry of an order remanding all claims removed by Defendant The Sneak Peek LLC ("Defendant") back to the receivership court in the Lane County Circuit Court of the State of Oregon. Remand is necessary to achieve judicial economy and efficiency, and to avoid risk of inconsistent rulings as the receivership court is presiding over the bulk of the Receiver's claw back actions, which has exclusive jurisdiction concerning all of the claims and assets of the Receivership Entity.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.     INTRODUCTION**

This case is one of many in which the Receiver, as part of his duties, seeks to recover funds transferred to Defendant without consideration which overall diminishes the amount of money available to be distributed to the many victims of Zadeh Kicks.

Defendant has removed the Receiver's state court complaint based on diversity of citizenship and the amount in controversy being in excess of the jurisdictional minimum. Following Defendant's removal, in the interests of judicial economy and consolidating all relevant cases with the court best positioned to hear them, the Receiver now seeks remand.

The Receiver was appointed by the Lane County Circuit Court which, pursuant to ORS 37.100, retains exclusive jurisdiction over the Receiver and all the claims and assets of the Receivership Entity. The state court is handling the bulk of the Receiver's cases and has been overseeing the receivership for nearly two years. Much of the documents relevant to this action—

Page 2   MOTION TO REMAND TO STATE COURT

BUCHALTER
A Professional Corporation
805 SW Broadway, Suite 1500
Portland, OR 97205
Telephone: 503.226.1191

BN 80736512v1

particularly Zadeh Kicks' financial documents and records of transactions with Defendant—have already been filed with the state court. Further, any resolution of this action will implicate the receivership estate and any settlement agreement must be presented to the state court for approval. Remand, therefore, is in the best interests of comity, efficiency, and judicial economy.

## II. BACKGROUND

### A. Zadeh Kicks' Business Model Leads to its Insolvency

Zadeh Kicks LLC is an Oregon-based premium brand sneaker resale company that began in 2013 and that ultimately became a Ponzi scheme. In or around 2019, Zadeh Kicks began advertising, selling, and collecting payments for the purchase of sneakers before their public release dates. Zadeh Kicks would price these preordered shoes near or below the Manufacturer Suggested Retail Price to drive up the number of orders received. (ECF No. 1 at ¶ 5.)

In many cases, after receiving the payments for preordered shoes, Zadeh Kicks did not have the ability to purchase the sneakers for less than the price at which it presold the sneakers. (*Id*. at ¶ 6.) In those cases, Zadeh Kicks would purchase sneakers from other third-party vendors at or above retail price, knowing that it would be financially ruinous for the company to "buy high" and "sell low." Zadeh became insolvent shortly thereafter. (*Ibid*.)

Still, Zadeh Kicks continued to advertise, sell, and collect payments from victims for sneakers knowing it could not acquire the amount of shoes needed to fulfill its preorders. (*See id*. at ¶ 9.) To keep the scheme afloat, Zadeh Kicks offered a combination of refunds and gift cards to those who did not receive sneakers. (*Id*. at ¶ 8.) Zadeh Kicks would offer to "buy back" the sneakers from the customers at a premium, offering cash and gift cards in excess of the amounts paid by its customers for the sneakers. (*Ibid*.) By offering gift cards for future purchases through Zadeh Kicks in the buy back scheme, Zadeh Kicks was able to keep more of the cash profits from

Page 3   MOTION TO REMAND TO STATE COURT

BUCHALTER
A Professional Corporation
805 SW Broadway, Suite 1500
Portland, OR 97205
Telephone: 503.226.1191

BN 80736512v1

the fraud. (*Ibid*.) Defendant was among the customers who received money in excess of the amounts they paid to Zadeh Kicks. (*Id*. at 12.)

By 2022, Zadeh Kicks had incurred over $70 million in debt, warranting judicial intervention and independent oversight by the Receiver. (*See id*. at 9.)

### B. The Lane County Receivership Proceedings

On May 19, 2022, Zadeh Kicks, through its principal Michael Malekzadeh, petitioned the Lane County Circuit Court in the captioned case *In re Judicial Dissolution of Zadeh Kicks dba Zadeh Kicks*, Case No. 22CV16510 ("Receivership Court"), for judicial dissolution of Zadeh Kicks and for an order appointing a receiver to assist with Zadeh Kicks' voluntary dissolution. (*See* Declaration of Receiver David P. Stapleton at ¶ 3 ("Stapleton Dec.").) The Court issued an order appointing David P. Stapleton as Receiver on May 20, 2022 ("Receivership Order"). (*Id*. at ¶ 4.) Pursuant to the Receivership Order and Oregon law, the Receiver has been tasked with marshalling and liquidating Zadeh Kicks' assets that are subject to the receivership ("Receivership Estate") and to handle claims from Zadeh Kicks' creditors. (*Ibid*.) To this end, the Receiver conducted a forensic accounting of Zadeh Kicks' records and determined that there were several individuals and entities who unjustly benefited from Zadeh Kicks' fraudulent scheme. (*Id*. at ¶ 5.) Specifically, these were customers who received more money from Zadeh Kicks than they contributed. The Receiver contacted each of these "net winners" in April and May 2023 by means of a claw-back letter in hopes of resolving all claims the Receivership Estate had against them without litigation. (*Id*. at ¶ 7.) Defendant was among those contacted. (*Id*. at ¶ 6.) Defendant rejected the Receiver's offer to settle. (*Id*. at ¶ 7.)

Beginning in September 2023, the Receiver began filing complaints on behalf of Zadeh Kicks in Lane County Circuit Court of the State of Oregon against various net winners, alleging claims of fraudulent transfer and unjust enrichment ("Claw-Back Actions"). (*Id*. at ¶ 8.) By Oregon

Page 4   MOTION TO REMAND TO STATE COURT

BUCHALTER
A Professional Corporation
805 SW Broadway, Suite 1500
Portland, OR 97205
Telephone: 503.226.1191

BN 80736512v1

statute, ORS 37.290, the Claw-Back Actions against the following 14 net winners[1] were exclusively assigned to the Receivership Court:

- Defendant The Sneak Peek LL (Case 23CV46219);
- Air Drizzy Kicks LLC (Case 23CV46211);
- Deadstock LA, Inc. and Ely Halavi dba Yeezus We Trust (Case No. 23CV40344);
- Idanks Limited Liability Company (Case No. 23CV48584);
- Johnny Davis (Case No. 23CV42276);
- Just My Kicks LLC (Case No. 23CV46182);
- Katstrike, Inc. (Case No. 23CV50111)
- The Keystone Market (Case No. 23CV42278);
- Kickstopny LLC (Case No. 23CV42279);
- No Contest LLC (Case No. 23CV42289);
- SoleSeriouss LLC (Case No. 23CV42277);
- Twenty-Two Shoes LLC (Case No. 23CV38807);
- Anthony Varela (Case No. 23CV42272); and,
- Trendz LLC (Case No. 23CV50112).

### C. Defendant Filed Its Notice of Removal

On January 3, 2024, Defendant filed its Notice of Removal[2] based on diversity of citizenship. (ECF No. 1.) Defendant asserts that there is complete diversity in this action and the amount in controversy exceeds $75,000.

---

[1] So far, a total of 15 Claw-Back Actions filed.

[2] Other net winner defendants have recently sought removal of their respective actions.

Page 5   MOTION TO REMAND TO STATE COURT

BUCHALTER
A Professional Corporation
805 SW Broadway, Suite 1500
Portland, OR 97205
Telephone: 503.226.1191

BN 80736512v1

### III. ARGUMENT

#### A. The Receivership Court Should Be Allowed to Maintain its Exclusive Jurisdiction Over the Receivership Estate

The Receivership Court has had exclusive jurisdiction over the Receivership Estate since appointing Plaintiff as receiver in May 2022. As the appointing court, the Oregon Receivership Code provides the Receivership Court with:

> (a) Exclusive authority over the receiver;
>
> (b) Exclusive jurisdiction over and right to control all real property and all tangible and intangible personal property constituting the estate, wherever located, to the full extent of the court's jurisdiction; and
>
> (c) Exclusive jurisdiction to determine all controversies relating to the collection, preservation, application and distribution of the estate and all claims against the receiver arising out of the exercise of the receiver's powers or the performance of the receiver's duties.
>
> ORS § 37.100.

The Receivership Court also has exclusive jurisdiction to approve any settlements in the Claw-Back Actions. ORS § 37.180(1)(f). Should the Court deny this request for remand, and the case settles, the parties will still have to present the settlement agreement to the Receivership Court. The agreement cannot be enforced without that court approval. This is true for all 15 Claw-Back Actions, most of which remain in the same forum as the Receivership Court. Judicial economy is best served by allowing that court to adjudicate all of the disputes as it is has exclusive jurisdiction of Zadeh Kicks' assets. Moreover, the Receivership Court is familiar with the issues in this case—namely, the details of the scheme that led to this and the other Claw-Back Actions—and the relevant documents regarding Zadeh Kicks' financial transactions, are already in possession of that court.

For these reasons, this Court should remand this action back to the Receivership Court.

Page 6   MOTION TO REMAND TO STATE COURT

BUCHALTER
A Professional Corporation
805 SW Broadway, Suite 1500
Portland, OR 97205
Telephone: 503.226.1191

BN 80736512v1

## B. The Court Should Consider Abstaining From Adjudicating This Case

As a general matter, federal courts are expected to exercise their power to adjudicate disputes between parties where the issue is justiciable and the court has proper jurisdiction. *Maynard v. CGI Techs. & Sols., Inc.*, 227 F. Supp. 3d 773, 780 (E.D. Ky. 2017). Nonetheless, the Supreme Court has identified instances in which federal courts may abstain from exercising their jurisdiction in situations where the state courts are more appropriate for adjudicating the case. *Ernest Bock, LLC v. Steelman*, 76 F.4th 827, 835 (9th Cir. 2023). "Abstention gives federal courts the flexibility to avoid exercising jurisdiction when doing so would be 'disruptive of state efforts to establish a coherent policy with respect to a matter of substantial public concern.'" *Gross v. Weingarten*, 217 F.3d 208, 222 (4th Cir. 2000). However, abstention is the exception and not the rule. *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 813 (1976) ("*Colorado River*").

### 1. Abstention Based on Colorado River

Relevant to the instant matter is *Colorado River*, where the Supreme Court recognized that under "exceptional circumstances", *id*. at 813, giving consideration to wise judicial administration and the conservation of judicial resources can support a stay of federal litigation in favor of parallel state proceedings. *Id*. at 817. *Colorado River*, while not a true abstention doctrine, it is categorized as one. *United States v. State Water Res. Control Bd*., 988 F.3d 1194, 1202 (9th Cir. 2021). Unlike other types of abstention, *Colorado River* is guided by administrative concerns and the prioritization of efficient disposition and wise use of judicial resources. *Ernest Bock, LLC v. Steelman*, 76 F.4th 827, 836 (9th Cir. 2023).

The Ninth Circuit has identified the following factors that help determine exceptional circumstances:

Page 7   MOTION TO REMAND TO STATE COURT

BUCHALTER
A Professional Corporation
805 SW Broadway, Suite 1500
Portland, OR 97205
Telephone: 503.226.1191

BN 80736512v1

> (1) which court first assumed jurisdiction over any property at stake; (2) the inconvenience of the federal forum; (3) the desire to avoid piecemeal litigation; (4) the order in which the forums obtained jurisdiction; (5) whether federal law or state law provides the rule of decision on the merits; (6) whether the state court proceedings can adequately protect the rights of the federal litigants; (7) the desire to avoid forum shopping; and (8) whether the state court proceedings will resolve all issues before the federal court.

*R.R. St. & Co. Inc. v. Transp. Ins. Co.*, 656 F.3d 966, 978–79 (9th Cir. 2011).

While there is no parallel state court proceeding between the Receiver and the Defendant as required for application of *Colorado River*, the same factors that warrant application of *Colorado River* in cases with parallel proceedings are present here. Regarding the first and fourth factors, the Receivership Court assumed jurisdiction of Zadeh Kicks' assets over a year ago—long before the Receiver initiated this action and the Defendant filed for removal. Regarding the second factor, the risk of piecemeal litigation weighs heavily in favor of abstention. "Piecemeal litigation occurs when different tribunals consider the same issue, thereby duplicating efforts and possibly reaching different results." *Am. Int'l Underwriters (Philippines), Inc. v. Cont'l Ins. Co.*, 843 F.2d 1253, 1258 (9th Cir. 1988). All of the Receiver's actions raise common questions of law and fact as they each seek to claw back transfers that Zadeh Kicks fraudulently made to the net winners. Having one court decide the complex issues raised in the numerous Claw-Back Actions necessarily saves judicial resources and reduces the risk of inconsistent rulings.

The fifth and sixth factors similarly weigh in favor of abstention. State law provides the rules of decision for the Receiver's first claim of relief for avoidance of constructive fraudulent transfers pursuant to ORS 95.230 and 95.240 and common law provides the rule for the Receiver's second claim for unjust enrichment. There can be no question that the Receivership Court has the authority to address the right and remedies at issue in this matter—indeed, as noted above, the Receivership Court has exclusive jurisdiction. Regarding the eighth factor, although there is not a parallel suit between the parties, the Lane County receivership proceedings all sufficiently parallel

Page 8   MOTION TO REMAND TO STATE COURT

BUCHALTER
A Professional Corporation
805 SW Broadway, Suite 1500
Portland, OR 97205
Telephone: 503.226.1191

BN 80736512v1

the current action because they are substantially similar. The only difference is the name of the defendant(s) and the amounts owed to the Receivership Estate. Based on the above, the rationale behind *Colorado River* clearly support abstention here.

### 2. Discretionary Abstention

Should this Court decline to apply *Colorado River*, abstention is also warranted under the "doctrine" of discretionary abstention. Discretionary abstention serves the principles of comity which recognizes that federal courts should exercise their discretionary powers with due consideration to the independence of state governments carrying out their governmental functions. *City & Cnty. of San Francisco v. Assessment Appeals Bd. for City & Cnty. of San Francisco, No. 1*, 122 F.3d 1274, 1277 (9th Cir. 1997). Stated differently, comity relates to the respect for state courts and their laws. *In re Peak Web LLC*, 559 B.R. 738, 744 (Bankr. D. Or. 2016).

In this case, "remand may best promote the values of economy, convenience, fairness, and comity." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 353 (1988). Because this case is one of many that the Receivership Court has authorized the Receiver to bring, it would serve the above values for the Receivership Court to continue to preside over this and the other Claw-Back Actions. One concern is the availability of legal arguments and defenses that would best be decided by the Receivership Court. By way of example, if Defendant pursues a defense theory in which it seeks an offset, such defense will affect the amount of assets available to the Receivership Estate's creditors. And it would be especially problematic if net winners in this action could use that defense if the Receivership Court were to reach a different conclusion in the Claw-Back Actions it currently presides over. Inconsistent rulings would certainly not serve the interests of fairness.

Also, it is important to note that the Receivership Court has been overseeing the Receiver's work in dissolving and winding up the Receivership Estate since at least May 2022. To that end, the Receivership Court has been receiving periodic reports detailing the Receiver's efforts and all

Page 9   MOTION TO REMAND TO STATE COURT

BUCHALTER
A Professional Corporation
805 SW Broadway, Suite 1500
Portland, OR 97205
Telephone: 503.226.1191

BN 80736512v1

developments. (Stapleton Dec. at ¶ 9.) The Receivership Court's familiarity with the details of Zadeh Kicks' complicated scheme and all of potential creditors of the estate warrant remand. *In re Achugbue*, No. 10-31819-DWH7, 2020 WL 1845028, at *20 (Bankr. D. Or. Apr. 10, 2020) (noting "comity's respect for state courts weighs more heavily in favor of remand if a state court has spent time on an action before removal.")

For these reasons, remand is appropriate.

### IV.     CONCLUSION

Based on the foregoing, the Receiver respectfully requests that the Court grant the Motion, and remand the entire case to the Receivership Court and issue any other orders it deems just and necessary.

DATED this 2nd day of February, 2024.

        BUCHALTER
        A Professional Corporation

By /s/ Oren Bitan
    Daniel P. Larsen, OSB No. 943645
    Email: dlarsen@buchalter.com
    Telephone: 503.226.1191

    Oren Bitan, *Pro Hac Vice* Admission
    Email: obitan@buchalter.com
    Telephone: 213.891.5012

    Attorneys for Receiver

Page 10  MOTION TO REMAND TO STATE COURT

BUCHALTER
A Professional Corporation
805 SW Broadway, Suite 1500
Portland, OR 97205
Telephone: 503.226.1191

BN 80736512v1