IN THE CIRCUIT COURT FOR THE STATE OF OREGON

FOR THE COUNTY OF LANE

| | |
|---|---|
| In re Judicial Dissolution of<br><br>**Zadeh Kicks LLC dba Zadeh Kicks,**<br><br>the Petitioner. | Case No.<br><br>**ORDER APPOINTING RECEIVER** |

Based on the Petition for Voluntary Dissolution Under Court Supervision and Appointment of Receiver filed on May 19, 2022 (the "Petition") on behalf of the above-captioned Oregon entity subject to judicial dissolution by this Court ("the Petitioner"), by and through counsel appearing before the Court on May 20, 2022, as well as testimony from Michael Malekzadeh the Court makes such FINDINGS and orders the appointment of a receiver as provided herein:

### FINDINGS

A.  After consideration of the Petition and based on the need for independent oversight and management over the assets of the Petitioner, and in light of the potential claims of the Petitioner's customers, creditors and investors to such assets, it is not reasonably practicable or possible for the Petitioner to carry on its business without judicial involvement.

B.  The judicial dissolution and wind-up of affairs by the Court of the Petitioner under ORS 63.661 and 63.637(3) is appropriate and warranted.

C.  The Court requires and finds cause for appointment of a receiver to manage and report on the wind-up and dissolution process of the Petitioner.

/ / /

/ / /

Page 1 – **ORDER APPOINTING RECEIVER**

**SLINDE NELSON**
425 NW 10th Ave., Suite 200
Portland, Oregon 97209
p. 503.417.7777; f. 503.417.4250

Exhibit A
Page 1 of 13

1  D.   Appointment of a receiver for such purposes is appropriate under ORS 63.664(3), ORS 37.060(1) and based on this Court's inherent equitable powers, and as provided under ORCP 80B.

E.   The appointment of a receiver is reasonably necessary, based on the cause shown, and other remedies either are not available or are inadequate.

F.   David P. Stapleton (the "Receiver") is a professional fiduciary, is not interested in this action or in the Petitioner, and is competent and qualified to act as a general receiver for the Petitioner.

G.   Good and sufficient grounds for appointment of a receiver exist pursuant to Oregon law in order to (1) prevent dissipation of the assets of the Petitioner to the detriment of the creditors, customers, and investors therein; (2) evaluate and report to the Court and interested parties regarding the assets of the Petitioner and oversee an orderly administration and liquidation of such assets to maximize return to the above; (3) evaluate and report to the Court and interested parties regarding claims and interests of, and then proposed distributions to, creditors, customers, and investors of the Petitioner on an equitable basis; and (4) otherwise oversee the wind-up and dissolution of the Petitioner in accordance with Oregon law, therefore it is hereby

H.   Michael Malekzadeh having waived his right to hearing and consented to the appointment.

**ORDERED** that the Petition is GRANTED.

It is further **ORDERED** as follows:

1.   Appointment of Receiver. David P. Stapleton is appointed as a general receiver and liquidating partner/member with respect to the Petitioner, including but not limited to its business operations (the **"Operations"**), all leased real property, and all tangible and intangible personal property, interest, claims, and other assets of any nature – including rents, profits, and all other proceeds thereof (the "Assets") of the Petitioner. The Assets so subject to the receivership of the Petitioner shall be collectively referred

Page 2 – ORDER APPOINTING RECEIVER

SLINDE NELSON
425 NW 10th Ave., Suite 200
Portland, Oregon 97209
p. 503.417.7777; f. 503.417.4250

Exhibit A
Page 2 of 13

to as the **"Receivership Estate."**

2. Bond. This appointment of the Receiver is effective as of the date of this Order, and, pursuant to ORS 37.090(3), the Court waives the posting of bond, and the Receiver shall carry an insurance policy with coverage and limits determined by the Court in lieu of a bond. Pursuant to ORS 37.090(4), the Receiver may charge the cost of any such insurance policy required by the Court against the Receivership Estate.

3. Obligations of Related Parties. The Petitioner and its agents and representatives, including but not limited to all members, stockholders, managers, partners, officers, agents, employees, independent contractors, and their respective attorneys, accountants, brokers, and other professionals (collectively, the "Related Parties") hereby are directed to cooperate fully with the Receiver and other professionals working with him in carrying out the Receiver's duties. Without limiting the generality of the foregoing, the Related Parties who receive actual notice of this order are required to do the following:

   a. Comply with all orders of this Court.
   b. Cooperate fully with and reasonably assist the Receiver in the discharge of the Receiver's duties, and in the management and administration of the Operations and the Assets.
   c. Use their best efforts to supply the Receiver with all information which is available, or which can be obtained through reasonable efforts, and which the Receiver reasonably deems necessary or appropriate to enable the Receiver to identify the Assets and liabilities and investors of the Petitioner and to complete any schedules and accountings that the Receiver may be required to file, and otherwise reasonably assist the Receiver in the completion of any such schedules and accountings.

///

Page 3 – ORDER APPOINTING RECEIVER

SLINDE NELSON
425 NW 10th Ave., Suite 200
Portland, Oregon 97209
p. 503.417.7777; f. 503.417.4250

Exhibit A
Page 3 of 13

      d.  Deliver to the Receiver all of the Petitioner's Assets in the Related Party's possession, custody, or control – including but not limited to all funds, accounts, books, papers, spreadsheets, records, and other documents (whether in hard copy or electronic format) including but not limited to the following: financial and banking records, leases, licenses, permits, insurance policies, email, computerized records, account numbers, passwords, keys, access codes, and certificates of title.

      e.  Use their best efforts to promptly provide the Receiver with any information or materials requested by the Receiver concerning the Operations, the Assets and the acts, conduct, property, liabilities and financial condition of the Petitioner or the claims of creditors or investors therein, or any matter relating to the Receiver's administration of the Operations and Assets or claims, to the extent information is available or can be obtained through reasonable efforts.

4. **Prohibitions of Related Parties, Third Parties, and Interested Parties**. Any Related Parties, Third Parties, and Interested Parties are hereby prohibited from:

      a.  Interfering with the Receiver, directly or indirectly, in the management and operation of the Operations and Assets, or otherwise directly or indirectly taking any actions or causing any such action to be taken which would in any manner interfere with the Operations or dissipate the Assets.

      b.  Expending, disbursing, transferring, assigning, selling, conveying, devising, pledging, mortgaging, creating a security interest in or in any manner disposing of or conveying the whole, any part of or any interest of any nature whatsoever in, the Operations or the Assets, or the proceeds thereof.

      c.  Doing any act which will, or which would tend to, directly or indirectly, impair, defeat, prevent, or prejudice the preservation of the Operations or

Page 4 – ORDER APPOINTING RECEIVER

SLINDE NELSON
425 NW 10th Ave., Suite 200
Portland, Oregon 97209
p. 503.417.7777; f. 503.417.4250

Exhibit A
Page 4 of 13

Assets.

5. **Notice to the Court re Related Parties' Failure to cooperate**. The Receiver shall promptly notify the Court of any failure or apparent failure of any Related Party to comply in any way with the terms of this Order.

6. **Scope of Receivership.** The Receiver shall be a general receiver with exclusive and complete authority and control over the Receivership Estate—including the Operations, the Assets and the business of the Petitioner—with the power, authority, and duty to operate the business of the Petitioner and to preserve, protect, and liquidate the Assets during the pendency of this case. The Receiver shall have exclusive possession and control over all Operations and Assets, with the power and authority to preserve, protect, and liquidate the Assets and to distribute the proceeds thereof to the party or parties legally entitled thereto.

7. **Powers of Receiver.** The Receiver shall have all powers conferred by or enumerated within ORS 37.110. In addition, the Receiver hereby is vested with all powers afforded a receiver under the laws of the State of Oregon, including, but not limited to, the power and authority to do the following, all without notice to any party to this action except as specifically noted:

   A. To incur expenses, and to use the Petitioner's cash to pay expenses, incidental to the Receiver's operations and to the preservation and management of the Assets, and otherwise in the performance of the Receiver's duties.

   B. To do all things that the Petitioner might do in the ordinary course of business of the Operations as a going concern, or in managing the Assets – including but not limited to incurring and paying expenses in the ordinary course of business.

///

Page 5 – ORDER APPOINTING RECEIVER

SLINDE NELSON
425 NW 10th Ave., Suite 200
Portland, Oregon 97209
p. 503.417.7777; f. 503.417.4250

Exhibit A
Page 5 of 13

|     |     |     |
| --- | --- | --- |
| 1   | C.  | To assert any rights, claims, or interests of the Petitioner or the Receiver, including but not limited to instituting actions or proceedings to collect outstanding accounts or notes; to disgorge or impose a constructive trust on assets of the Receivership Estate held by third parties; to protect the Assets, including removal from any real property of persons not entitled to entry or occupancy; and/or to obtain possession and/or recover judgment with respect to persons or entities that received assets or funds traceable to funds of the Petitioner. |
| 9   | D.  | To intervene in any action in which a claim is asserted against the Petitioner for the purpose of prosecuting or defending the claim, and/or for the purpose of requesting the transfer of venue of such action to this Court. |
| 12  | E.  | To open bank accounts or other depository accounts in the name of the Receiver or the Petitioner, maintaining separate accounts for Assets of the Petitioner, to the extent any funds exist. |
| 15  | F.  | To prepare, with assistance of an accountant, any and all tax returns for the Petitioner. |
| 17  | G.  | To employ any person or firm to collect, manage, lease, maintain, or operate the Assets. |
| 19  | H.  | To continue in effect in the Receiver's business judgment any contracts presently existing relating to the Assets. |
| 21  | I.  | To obtain appraisals of the value of the Assets; provided, however, the Receiver shall not be obligated to seek any appraisal of the Assets, or any of them. |
| 24  | J.  | To sell Assets, but only after such notice and opportunity for hearing as is appropriate under the circumstances. |

/ / /

Page 6 – ORDER APPOINTING RECEIVER

SLINDE NELSON
425 NW 10th Ave., Suite 200
Portland, Oregon 97209
p. 503.417.7777; f. 503.417.4250

Exhibit A
Page 6 of 13

    K.    To incur unsecured debt in the ordinary course of the Operations, which shall be treated as an administrative expense of the Receiver, without order of this Court.

    L.    To obtain secured credit, or other credit not in the ordinary course of Operations, but only after such notice and opportunity for hearing as is appropriate under the circumstances.

    M.    To acquire, renew or amend all governmental licenses, permits or other authorizations pertaining to the Operations, the Assets, or any business associated therewith.

    N.    To seek and obtain advice or instruction from this Court with respect to any course of action with respect to which the Receiver is uncertain in the exercise of the Receiver's powers or the discharge of the Receiver's duties.

8. **Control of Accounts.** All financial institutions, credit card processors, insurance agents or underwriters, utility providers, vendors, suppliers, tradesmen, materialmen, service providers, franchisors, taxing agencies, and all government agencies and departments are hereby ordered to take direction from the Receiver as it relates to the accounts of the Petitioner, including accounts that may contain any proceeds derived from the Assets, and to surrender any and all funds held on deposit or apply said funds as directed by the Receiver. Any such party that receives actual notice of this Order shall freeze and turn over such accounts, funds, or assets at the instruction of the Receiver. The Receiver shall maintain all such assets of any the Petitioner in segregated accounts, under sole and exclusive control of the Receiver. The Receiver's standard service and technology fee, as would ordinarily be applied by the Receiver's bank to the funds in such fiduciary accounts, is hereby disallowed and barred.

///

///

Page 7 – ORDER APPOINTING RECEIVER

SLINDE NELSON
425 NW 10th Ave., Suite 200
Portland, Oregon 97209
p. 503.417.7777; f. 503.417.4250

Exhibit A
Page 7 of 13

9. **Initial Report of Receiver.** Within 60 days following the entry of this Order, the Receiver shall, pursuant to ORS 37.200(1), file the initial report with the Court in compliance with and the subject(s) identified in ORS 37.200(2).

10. **Bi-monthly Receivership Reports.** The Receiver shall thereafter file with the Court and serve on all interested parties a bi-monthly (*i.e.*, approx. 60-day) report with respect to the receivership – summarizing the activities of the Receiver and the Operations, the Assets, and the financial affairs of the Petitioner. Each such report shall be due by the 20th day of the month following the two-month-period reported on.

11. **General Employment by Receiver.** Subject to the qualifications regarding the employment of professionals, the Receiver in the performance of the Receiver's duties may contract with independent contractors and/or employ such persons or entities as the Receiver deems appropriate. All such persons or entities shall be subject to the management and direction of the Receiver in connection with the performance of any duties associated with such employment by the Receiver. The Receiver shall be free at all times to terminate the employment of any such person or entity.

12. **Employment of Professionals By Receiver.** Oren Bitan of Buchalter is hereby authorized and appointed to act as general counsel for the Receiver, respectively, at their firm's regular hourly rates. The Receiver may employ further attorneys, accountants, or other professionals that the Receiver believes to be necessary or appropriate in connection with the proper performance of the Receiver's duties hereunder, but only after such notice and opportunity for hearing as is appropriate under the circumstances.

/ / /

/ / /

/ / /

Page 8 – ORDER APPOINTING RECEIVER

SLINDE NELSON
425 NW 10th Ave., Suite 200
Portland, Oregon 97209
p. 503.417.7777; f. 503.417.4250

Exhibit A
Page 8 of 13

13. **Receiver's Compensation.** Unless otherwise ordered by the Court, the Receiver shall be compensated at the rate of $495.00 per hour, plus costs. The Receiver shall have a first priority lien against the Assets, to secure the payment of any of the Receiver's costs, expenses and professional fees and costs, as approved by the Court or otherwise pursuant to this Order.

14. **Payments of Compensation.** The Receiver is authorized to make payment for his fees and costs and for the fees and costs of his professionals on a periodic basis, but in no event more than monthly without further order of the Court in accordance with ORS 37.310 and as follows:

    a. The Receiver shall file a Notice of Compensation of Professional, which shall describe the time spent, and the billing rates of the Receiver and any other professional person who performed work to be compensated, a description of the services performed, and a detailed list of expenses with a statement of the amounts requested. The Notice shall indicate that unless objections to the proposed compensation are filed with the Court within 10 days, the Receiver may make the payments requested in the compensation notice. If an objection is filed to the proposed compensation, the Receiver or professional whose compensation is affected may request the Court to hold a hearing on the objection on five days' notice to each person or entity that filed-an objection thereto.

    b. If no party in interest objects to such payments or portions of such payments within ten (10) calendar days following the date of Notice, the fees and costs shall be deemed approved as being fully and finally earned without further order or leave of Court and the Receiver shall pay himself and all other professionals per the Notice. If an objection is filed to the proposed compensation, the Receiver or professional whose compensation is affected may request the Court to hold a hearing on the objection on five days' notice to each person or entity that filed an

Page 9 – ORDER APPOINTING RECEIVER

SLINDE NELSON
425 NW 10th Ave., Suite 200
Portland, Oregon 97209
p. 503.417.7777; f. 503.417.4250

Exhibit A
Page 9 of 13

objection thereto.

    c. If any party wishes to object to such payment or portion thereof as disclosed in the Notice, such party shall notify the Receiver and the above-referenced parties of the nature of the objection within the objection period stated above. If the Receiver or affected professionals cannot consensually resolve the dispute or if the dispute is not resolved within thirty (30) days of the date of such objection, the objecting party may file a motion with the Court to resolve the objection.

15. **Limitation of Liability of Receiver.** Subject to ORS 37.290 and ORS 37.300, no obligation or liability incurred by Receiver in the good faith performance by him of the Receiver's duties in accordance with the order this Court, whether pursuant to any contract, by reason of any tort, or otherwise, shall be Receiver's personal obligation except to the extent such obligation or liability is found to have resulted from the Receiver's gross negligence, recklessness, willful misconduct or fraudulent behavior. Any loss, cost, damage, or expense suffered or incurred by the Receiver as a result of any claim, suit, action or other demand or proceeding brought against Receiver or any of its employees in connection with its performance as Receiver which is not caused by Receiver's gross negligence, recklessness, willful misconduct or fraudulent behavior will be solely an expense of the Receivership Estate and not of the Receiver.

16. **Initial Notice to Creditors and Other Interested Persons.** Pursuant to ORS 37.330, the Receiver shall issue an initial notice to creditors and other interested persons within 30 days after the Receiver's appointment.

17. **Control of Mail.** The Receiver may issue demand upon the U.S. Postal service to grant the Receiver exclusive possession and control of mail including postal boxes as may have been used by the Petitioner and may direct that certain mail related to the Petitioner, the Operations, the Assets, or in any manner relating to any of the foregoing, be redirected to the Receiver.

Page 10 – ORDER APPOINTING RECEIVER

SLINDE NELSON
425 NW 10th Ave., Suite 200
Portland, Oregon 97209
p. 503.417.7777; f. 503.417.4250

Exhibit A
Page 10 of 13

18. **Insurance Coverage.** The Receiver shall determine upon taking possession of the Assets whether in the Receiver's judgment, there is sufficient insurance coverage. With respect to any insurance coverage in existence or obtained, the Receiver shall be named as an additional insured on the policies for the period of the receivership. If sufficient insurance coverage does not exist, the Receiver shall procure sufficient all-risk and liability insurance on the Assets, provided, however, that if the Receiver does not have sufficient funds to do so, the Receiver shall seek instructions from the Court with regard to adequately insuring any such Assets. The Receiver shall not be responsible for claims arising from the lack of procurement or inability to obtain insurance.

19. **Litigation and Settlement of Claims.** The Receiver is authorized but not required to respond to and defend any actions brought against the Petitioner relating to the Receivership Estate. Additionally, the Receiver is authorized but not required to take all actions necessary to protect the Petitioner's interests or rights or to collect any debts owed to or claims held by the Petitioner relating to the Receivership Estate, including, if necessary, commencing any legal proceeding, arbitration or mediation, to protect such interests or recover such funds or claims, including, without limitation, collection, claim and delivery, fraudulent transfer, or breach of contract actions. The Receiver is authorized but not required to settle or compromise any such claims, if such settlement or compromise is, in the Receiver's business judgment, in the best interests of the Receivership Estate. Any settlement shall be noticed as set forth in ORCP 80, indicating that unless objections to the proposed settlement are filed with the Court within 20 days, the Receiver may settle the claim as proposed, without further notice or hearing.

/ / /

/ / /

Page 11 – ORDER APPOINTING RECEIVER

SLINDE NELSON
425 NW 10th Ave., Suite 200
Portland, Oregon 97209
p. 503.417.7777; f. 503.417.4250

Exhibit A
Page 11 of 13

20. **Termination.** The receivership shall not be terminated, and the rights and obligations of the parties subject to this Order shall remain in full force, until this Court approves the Receiver's final report or until the Court enters an order terminating the receivership, after such notice and opportunity for a hearing as this Court finds to be appropriate under the circumstances.

21. **Best Efforts/Further Construction.** The Court and all parties to this Order acknowledge the Receiver's ability to perform his duties under this Order may be limited by various factors, including but not limited to Receiver's limited access to information. The Court therefore requires only Receiver's best efforts to comply with the duties set forth in this Order, and the Receiver may at any time apply to this Court for further or other instructions, or for a modification of this Order, or for further powers necessary to enable the Receiver properly to perform his duties, or for a termination of the Receiver's appointment.

22. **Discharge/Final Report.** Upon distribution or disposition of all property of the Receivership Estate, or the completion of the Receiver's duties with respect to the Assets, the Receiver shall move the Court to be discharged. As provided in ORS 37.410, the Receiver shall file a final report of the Receivership Estate, which shall be annexed to the petition for discharge and filed with the Court. Upon approval of the final report, after such notice and opportunity for a hearing as this Court finds to be appropriate under the circumstances, the Court shall discharge the Receiver. The Receiver's discharge releases the Receiver from any further duties and responsibilities as receiver under Oregon law.

/ / /

/ / /

/ / /

Page 12 – ORDER APPOINTING RECEIVER

SLINDE NELSON
425 NW 10th Ave., Suite 200
Portland, Oregon 97209
p. 503.417.7777; f. 503.417.4250

Exhibit A
Page 12 of 13

23. **Further Orders As Needed.** The Receiver or any party may at any time apply to the Court for any further or other instructions or orders and for further powers necessary to enable or require the Receiver to perform his duties, including but not limited to application by the Receiver for power to sell, transfer or convey the Assets, in whole or in part.

Dated_____

5/20/2022 9:32:51 AM



_____
Debra E. Velure, Circuit Court Judge

Submitted on May 19th, 2022.

SLINDE NELSON

By:_____
Joseph M. Mabe, OSB No. 045286
joe@slindenelson.com
Keith A. Pitt, OSB No. 973725
keith@slindenelson.com
Rebecca J. Ok, OSB No. 185094
rebecca@slindenelson.com
   *Of Attorneys for the Petitioner*

Page 13 – ORDER APPOINTING RECEIVER

SLINDE NELSON
425 NW 10th Ave., Suite 200
Portland, Oregon 97209
p. 503.417.7777; f. 503.417.4250

Exhibit A
Page 13 of 13